**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Ghotra Incorporated, Vikram Pal Singh, and Jane Doe Singh,<br><br>　　　　　Defendants. | No. CV-20-01775-PHX-MTL<br><br>**ORDER** |

Plaintiff Best Western International, Inc. ("Best Western") moves for default judgment against Defendants Ghotra, Inc ("Ghotra") and Vikram Pal Singh ("Singh," and collectively with Ghotra, "Defendants"), pursuant to Fed. R. Civ. P. 55(b)(2). (Doc. 13.) Defendants have not appeared or filed any responses. For the reasons discussed below, the motion for default judgment is granted and Best Western is awarded $145,227.45 plus pre- and post-judgment interest in compensatory damages.

**I.    BACKGROUND**

Best Western filed the Complaint on September 11, 2020. (Doc. 1.) It alleges claims for breach of contract and breach of the implied covenant of good faith and fair dealing.[1] (*Id.* ¶¶ 43–54.) This Court has jurisdiction to hear this claim and over the defendants.[2]

---

[1] Although Best Western's Complaint included a claim for breach of the implied covenant of good faith and fair dealing, Best Western is not seeking additional judgment on the bad faith claim. (Doc. 13 at 4 n.1.)

[2] Before assessing the merits of Plaintiff's motion for default judgment, the Court must confirm that it has subject-matter jurisdiction over the case and personal jurisdiction over Defendants. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). Here, the Court has

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *See Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). Best Western, a non-profit corporation, is in the hotel industry and operates on a cooperative basis with its independent owners and operators of the corporation's branded hotels. (Doc. 1 ¶¶ 9–10.) These relationships are executed pursuant to the rights and obligations set forth in the Membership Agreement, Best Western's Bylaws and Articles, Best Western's Rules and Regulations, Board Policies, and other Best Western regulatory documents. (*Id.* ¶ 11.) Among these obligations, members agree to pay annual dues, monthly fees, and membership fees. (*Id.* ¶ 12.) The Membership Agreement provides that failure to pay dues is grounds for termination of an owner's membership. (*Id.* ¶¶ 18, 20.)

Defendant Ghotra applied for a Best Western membership for a hotel located in Houston, Texas. (*Id.* ¶ 21.) Defendant Singh executed a Membership Application and Agreement on October 14, 2016 on Ghotra's behalf. (*Id.* ¶ 22.) Ghotra designated Singh as its Voting Member, and acting as such, Singh agreed to "be bound by the Membership Application and Agreement executed in connection with" the hotel. (*Id.* ¶¶ 23–24.) Under the provisions of the Membership Agreement Defendants are jointly bound. (*Id.* ¶ 25.)

On December 30, 2019, Best Western notified Defendants through a letter that their account was delinquent by 60 days and that their membership could be cancelled if all past due balances of 30 days or older were not paid by February 1, 2020. (*Id.* ¶¶ 30–31.) Defendants failed to pay their delinquent account balance. (*Id.* ¶ 32.)

On February 13, 2020, Best Western sent another letter to Defendants informing them that their membership would be cancelled for failing to pay the sums detailed in the December 30, 2019 letter. (*Id.* ¶ 33) The February letter demanded that Defendants pay the past due amounts ($51,815.97) or risk cancellation. (*Id.*) The letter also provided that

---

subject-matter jurisdiction pursuant to 28 U.S.C. § 1332. (*See* Doc. 1 ¶¶ 1–4, 7.) The Court also has personal jurisdiction over each defendant. (*See id.* ¶ 8; Doc. 1-1 at 7 ("The parties agree that [this Court has] personal jurisdiction to hear and determine such actions and that venue [here] is also proper.").)

Defendants would have two business days to pay the amounts or the hotel would be restricted on the Best Western system. (*Id.*)

Defendants again failed to pay the past due amounts and the Board, pursuant to the Membership Agreement, chose to terminate Defendants' membership. (*Id.* ¶¶ 35–36.) Best Western sent a letter on May 11, 2020 informing Defendants of the termination and requested payment for the past due amounts. (*Id.* ¶ 37.) In June 2020, Defendants sold the Hotel. (*Id.* ¶ 38.)

Best Western sent demand letters in July and August with respect to the past due amounts and other fees due for the rest of the fiscal year. (*Id.* ¶¶ 39–40.) Defendants have neither paid nor responded to these letters. (*Id.* ¶ 41.) As of September 1, 2020, the total account balance was $145,227.45, including accrued interest. (*Id.* ¶ 42.)

All defendants were timely served with the Summons and Complaint. (Docs. 8–10.) Defendants have not filed an answer, a motion to dismiss, or any other response. Upon Plaintiff's application (Doc. 11), the Clerk of the Court entered default against each defendant. (Doc. 12.) Plaintiff subsequently filed the pending motion for default judgment. (Doc. 13.) No response has been filed.

## II.     LEGAL STANDARD

Once a default is entered, the district court has discretion to grant default judgment. *See* Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The court may consider several factors, including (1) the possibility of prejudice to the plaintiff; (2) the merits of the claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring a decision on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). When applying the *Eitel* factors, the Court takes the allegations of a complaint, apart from damages, as true. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). The moving party has the burden to prove all damages. *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 498

- 3 -

(C.D. Cal. 2003).

## III. DISCUSSION

### A. The First, Fifth, Sixth, and Seventh *Eitel* Factors

In the current case, defendants have not responded or participated in any litigation. Traditionally, this means the "first, fifth, sixth, and seventh [*Eitel*] factors are easily addressed." *Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, *3 (D. Ariz. 2020). The first factor weighs in favor of default judgment because denying Plaintiff's application will leave them "without other recourse for recovery." *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002). Best Western has attempted to settle this matter outside of Court on multiple occasions since March 2020 without success. Due to Defendants failure to pay their delinquent balance or respond to Best Western's letters, the only recourse Best Western can take is through litigation. Next, the fifth factor is satisfied because the well-pleaded facts in the Complaint are taken as true, meaning there is no "genuine dispute of material facts" that would preclude granting the motions. *Id.* Similarly, because Defendants were properly served and it is unlikely that their failure to answer was due to excusable neglect, the sixth factor is satisfied. Finally, although the seventh factor generally weighs against default judgment, the existence of Rule 55(b) "indicates that this preference, standing alone, is not dispositive." *PepsiCo*, 238 F. Supp. 2d at 1177. This factor alone is not sufficient to preclude the entry of default judgment in this case.

### B. The Second and Third *Eitel* Factors

The second and third *Eitel* factors—the merits of the claim and the sufficiency of the complaint—are often "analyzed together and require courts to consider whether a plaintiff has stated a claim on which it may recover." *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019). The Court addresses Plaintiff's breach of contract claim in turn.

A breach of contract claim requires "a contract, a breach of contract, and damages." *Best Western Int'l, Inc. v. Patel*, 523 F. Supp. 2d 979, 988 (D. Ariz. 2007)

(citing *Graham v. Asbury*, 112 Ariz. 184, 185 (Ariz. 1975)). Plaintiff and Defendants entered into a Membership Agreement that detailed the obligations of each party. (Doc. 1 ¶¶ 21–25; Doc. 1-1 at 2–11.) This agreement was an enforceable contract. Best Western performed its obligations under the Membership Agreement, but Defendants breached it by failing to pay the fees, dues, and charges owed under the agreement. (Doc. 1 ¶¶ 43–47.) As a result of this breach, the Complaint states that Best Western suffered, and is owed, $145,227.45 in unpaid dues as compensatory damages. (*Id.* ¶ 48.)

The Court determines that based on the facts described in the Complaint, Plaintiff has pled a prima facie claim for breach of contract.

### C.     The Fourth *Eitel* Factor

Under the fourth *Eitel* factor, the Court considers the amount of money at stake in relation to the seriousness of the defendants' conduct. *See PepsiCo, Inc.*, 238 F. Supp. 2d at 1176. If the sum of money at stake is completely disproportionate or inappropriate, default judgment is disfavored. *See Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006). In contrast to a complaint's other allegations, allegations pertaining to damages are not taken as true when considering a motion for default judgment. *See Fair Housing of Marin v. Combs*, 285 F.3d 899, 906 (9th Cir. 2002). A district court has "wide latitude" in determining the amount of damages to award upon default judgment. *James v. Frame*, 6 F.3d 307, 310 (9th Cir. 1993).

Here, Plaintiff seeks $145,227.45 plus pre- and post-judgment interest in compensatory damages. (Doc. 13 at 6–7.) As discussed below, the Court will award the requested damages. The Court finds that, based on Plaintiff's claim for breach of contract, the stated damages are not disproportionate, and Plaintiff is entitled to $145,227.45 plus pre- and post-judgment interest in damages. Upon review of the *Eitel* factors, Plaintiff is entitled to default judgment on its claim for breach of contract.

### D.     Damages

Having found that entry of default judgment is proper, the Court must address damages. "The well-established rule in Arizona is that the damages for breach of contract

are those which arise naturally from the breach itself or which may reasonably be supposed to have been within the contemplation of the parties at the time they entered into the contract." *S. Arizona School for Boys, Inc. v. Chery*, 119 Ariz. 277, 280 (App. 1978). For a plaintiff to recover in a breach of contract there must also be "an allegation and proof of real, and not merely possible or speculative damages." *Gilmore v. Wingate*, 21 Ariz. 542, 546 (1920). Best Western seeks $145,227.45 plus pre- and post-judgment interest in damages. (Doc. 1 ¶¶ 41, 48–49; Doc. 13 at 6–7.) Best Western attaches multiple invoices to the Complaint detailing Defendants' account between March 1, 2019 to September 1, 2020. (Doc. 1-1 at 44–90.) These invoices include itemized charges such as monthly, advertising, and maintenance fees. (*Id.*) The final September 2020 invoice states that Defendants owe $145,227.45. (*Id.* at 89.) The Membership Agreement and these invoices provide proof of real damages that arose naturally from the breach and were within the contemplation of the parties at the time this agreement was signed. Best Western also supplies a sworn declaration reiterating its damages through Emily Cates, Best Western's Senior Corporate Counsel. (Doc. 13-1 at 2–4.) *See Doe v. United States*, No. CV-17-01991-PHX-GMS (JZB), 2018 WL 2431774, at *8 (D. Ariz. May 30, 2018) ("In determining damages, a court can rely on declarations submitted by the plaintiff[.]") This declaration only adds to the already specific evidence confirming Best Western's damages from Defendants' breach.

In light of Best Western's detailed account of damages, Ms. Cate's declaration, and the Complaint's material allegations, the Court concludes that $145,227.45 plus pre- and post-judgment interest is an appropriate damages award.

## IV.  CONCLUSION

Accordingly,

**IT IS ORDERED** granting Best Western's Motion for Default Judgment (Doc. 13).

**IT IS FURTHER ORDERED** awarding Best Western $145,227.45 plus pre- and post-judgment interest at the applicable statutory rate in compensatory damages against

1  Defendants, jointly and severally.

2  **IT IS FINALLY ORDERED** directing the Clerk of the Court to close this case
3  and to enter judgment accordingly.

4  Dated this 25th day of February, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge