**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International Incorporated, | No. CV-20-01775-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Ghotra Incorporated, et al., | |
| Defendants. | |

Before the Court is Plaintiff Best Western International, Inc.'s Motion for Attorneys' Fees and Costs (the "Motion") (Doc. 16). Defendants did not respond to this Motion. Plaintiff seeks to secure an award of $4,885.00 in attorneys' fees and $798.00 in costs under both its Membership Agreement with Defendants and A.R.S. § 12-341.01. (*Id.* at 2.) Plaintiff's Membership Agreement provides: "In the event that Member breaches any obligation to Best Western, Member is liable to Best Western for all attorneys' fees, costs, and expenses incurred by Best Western in connection with the breach or violation." (Doc. 1-1 at 7.) The Arizona statute that Plaintiff wishes to recover under provides that, in "any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees" to "mitigate the burden of the expense of litigation." A.R.S. § 12-341.01. In deciding whether to award fees under § 12-341.01, courts consider several factors, including whether the successful party prevailed with respect to all of the relief sought, the novelty of the legal question presented, and whether the litigation could have been avoided or settled. *See Associated*

*Indem. Corp v. Warner*, 143 Ariz. 567, 570 (Ariz. 1985).

Plaintiff has shown that it is entitled to its reasonable attorneys' fees. The Membership Agreement, to which Defendants signed and breached, expressly allows for reasonable attorneys' fees. (Doc. 1-1 at 7.) Plaintiff also has a statutory right to recover reasonable attorneys' fees under § 12-341.01. This Court has already analyzed that Plaintiff and Defendants entered into a valid contract, to which Defendants breached. (Doc. 14.) Plaintiff was the successful party in its action against Defendants for default judgment. (*Id.*) Also, considering the factors in whether to award fees under § 12-341.01, the Court finds that these factors weigh heavily in Plaintiff's favor. *See Associated Indem. Corp*, 143 Ariz. at 570. Plaintiff was the prevailing party, this action involved a straightforward breach of contract claim, and Plaintiff provided several emails showing that it wished to avoid litigation and figure out a resolution with Defendants. (Doc. 1-1.)

Rule 54.2(c) of the Local Rules of Civil Procedure also requires a party seeking fees and costs to include (1) "the applicable statutory or contractual authority upon which the movant seeks an award of attorneys' fees and related non-taxable expenses," including a statement as to the claims the moving party prevailed on in the action; (2) the relevant legal authority supporting the award of attorney's fees and costs; and, (3) the reasonableness of the requested award, listing 13 non-exhaustive factors. LRCiv 54.2(c). Plaintiff has satisfied LRCiv 54.2. (Doc. 16.) Plaintiff has provided all the necessary information to prove the reasonableness of its fees and show that it is legally entitled these fees. (*Id.*) Further, under Fed. R. Civ. P. 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party" unless "a federal statute, these rules, or a court order provides otherwise[.]" Plaintiff has submitted a satisfactory Bill of Costs to support its Motion. (Doc. 16-3.) Plaintiff is therefore entitled to its reasonable fees and costs.

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 16).

1      **IT IS FURTHER ORDERED awarding** Plaintiff $4,885.00 in attorneys' fees and $798.00 in costs, including any post-judgment interest at the applicable federal rate pursuant to 28 U.S.C. § 1961(a).

Dated this 22nd day of March, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge